UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| Pamela D. Adams,<br>   4849 Connecticut Ave., N.W.<br>   Apt. 620<br>   Washington, DC 20008,<br><br>        Plaintiff,<br><br>        v.<br><br>NORMAN Y. MINETA,<br>   Secretary of Transportation<br>   Department of Transportation<br>   OST-S-1<br>   400 Seventh Street, S.W.<br>   Washington, DC  20590,<br><br>        Defendant. | Civil Action No. _____ |

**COMPLAINT**
(Employment Discrimination)

Introduction

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by Section 102 of the Civil Rights Act of 1991, Pub. L. 102-166 (November 21, 1991), 42 U.S.C, § 1981a, to remedy acts of discrimination in employment practices by the U.S. Department of Transportation against plaintiff because of her race and on account of her having previously complained of racial discrimination on-the-job.

## Jurisdiction

2. This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. § 2000e-16(c), plaintiff having exhausted the available administrative remedies on her claims by virtue of the fact that she lodged a formal administrtaive EEO complaint alleging race discrimination in the particulars involved herein on November 18, 2003n (EEO Administrative Complaint No. DOT-2-04-2012), more than 180 days prior to the filing of the instant complaint with this Court, and a final decision of the Department of Transportation on this administrative EEO complaint has yet to be issued.

## Venue

3. Venue is proper in this judicial district with regard to the actions that are the subject matter of this complaint in that plaintiff's personnel records are maintained by the Department of Transportation, Federal Aviation Administration here in the District of Columbia. See 42 U.S.C. § 2000e-5(f)(3).

## Parties

4. Plaintiff Pamela D. Adams is an African American citizen of the United States and a resident of the District of Columbia. She is currently employed, and at all times relevant to this complaint was employed, by the U.S. Department of Transportation, Federal Aviation Administration, at its ATC System Command Center located in Herndon, Virginia.

5. Defendant Norman Y. Mineta is the Secretary of Transportation. As such, he is the head of the United States Department of Transportation (hereinafter "DOT"), a department within the Executive Branch of the Government of the United States which has had more than 500 employees in 20 or more calendar weeks in each year since 1999. The Federal Aviation Administration (hereinafter "FAA") is a federal agency within the U.S. Department of Transportation and is subject to the control of the Secretary of Transportation. Mr. Mineta is responsible for the personnel actions, omissions and practices within DOT, including the FAA. He is here sued only in his official capacity as head of DOT and ultimately, therefore, the FAA.

## Statement of Facts

6. Plaintiff, a 45 year old African American woman, has worked for the FAA since July of 1987 (17 years) as a professional air traffic controller ("ATC"). She has held varied positions as an ATC with the FAA. This has been her exclusive federal job.

7. Despite superior qualifications, on July 31, 2002 plaintiff was informed that she had not been selected for a competitive detail -- one-year with an option for a second year -- to the position of Central Altitude Reservation Function ("CARF") Specialist, ATC-12, at the FAA's ATC System Command Center. This is an MSS-1 level job, which would have meant a four percent (4%) pay raise for plaintiff because it has controller-in-charge ("CIC") pay connected with it. At the time she made time application for this detail in response to a competitive vacancy announcement,

plaintiff was serving as a Traffic Management Specialist at the same grade level and at the same FAA facility.

8. The person selected for this competitive detail instead of plaintiff was Dana Whitman, a white female. She was not as well qualified as plaintiff for the detail at issue, either in terms of time or variety of experience.

9. Moreover, the official who recommended the selection of Ms. Whitman over plaintiff for this detail, Thomas N. Paccione, a white male who supervises the CARF office where the detailee was to work, sought to justify his recommendation of Ms. Whitman over plaintiff for the detail in various and conflicting ways, and he admits to having relied upon selection factors not published in the vacancy announcement for the detail, as has the white male who followed Paccione's recommendation and selected Ms. Whitman over plaintiff for the job, Mark Libby.

10. Since timely seeking EEO counseling with regard to her non-selection for the CARF detail, plaintiff has been subjected to an ongoing series of incidents in which FAA management officials have sought to interfere with and otherwise inhibit her from taking advantage of career enhancing assignments and successfully moving to ATC positions to other FAA facilities. These actions and omissions engaged in by FAA officials has been in retaliation for plaintiff having complained of unlawful discrimination in not being selected for the CARF Specialist, ATC-12, detail at the FAA's ATC System Command Center.

11. In addition to causing her to suffer a pay loss, both the non-selection for the CARF Specialist, ATC-12, detail at the FAA's ATC System Command Center in July 2002 and the subsequent interference with her obtaining other ATC positions within the FAA have been injurious to plaintiff's career, personally and professionally humiliating for plaintiff, and a cause of emotional injury and destructive of her enjoyment of life.

## Statement of Claims

### Count I -- Racial Discrimination

12. In DOT's/FAA's treatment of plaintiff specified above, specifically, in not selecting her for the CARF Specialist, ATC-12, detail at the FAA's ATC System Command Center in July 2002, defendant discriminated against plaintiff in employment practices on the basis of race, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 et seq., and 42 U.S.C. § 1981a.

13. As a result of DOT's/FAA's unlawful conduct in violating Title VII's prohibition against race discrimination, plaintiff has suffered and continues to suffer loss of pay and diminished career opportunities, as well as emotional pain and suffering, professional and personal humiliation, inconvenience, and loss of enjoyment of life.

### Count II -- Retaliation

14. In DOT's/FAA's treatment of plaintiff specified above, specifically, in subjecting her to action and omissions which interfere with and otherwise inhibit her from taking advantage of

-5-

career enhancing assignments and successfully moving to ATC positions at other FAA facilities on account of her having complained of race discrimination with regard to her non-selection for the CARF detail, defendant has unlawfully retaliated against plaintiff because of her prior civil rights activities in further violation of Title VII of the Civil Rights Act.

15. As a result of DOT's/FAA's unlawful conduct in violating Title VII's prohibition retaliation, plaintiff has suffered and continues to suffer loss of pay and diminished career opportunities, as well as emotional pain and suffering, professional and personal humiliation, inconvenience, and loss of enjoyment of life.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court order the following relief:

(a) enter judgment for plaintiff against defendant;

(b) award plaintiff compensatory damages in keeping with both that awarded by a jury after proof at trial and that allowed by statute (*i.e.*, to a maximum of $300,000.00), plus interest thereon;

(c) order defendant to correct FAA records to reflect that plaintiff held the CARF Specialist, ATC-12, at the FAA's ATC System Command Center on detail from August 2002 to August 2004;

(d) order defendant to provide plaintiff with all back pay and other benefits due her on account of her detail to the CARF Specialist position at the FAA's ATC System Command Center for the period August 2002 to August 2004, with interest thereon;

(e) enjoin defendant from future retaliation and racial discrimination against plaintiff;

(f) award plaintiff her costs of this action and the administrative complaints process that preceded it, including reasonable attorneys' fees (with interest thereon), pursuant to 42 U.S.C. Section 2000e-5(k);

(g) award plaintiff such other and further relief as in the opinion of this Court the interests of justice may require.

### Jury Demand

Plaintiff hereby requests a trial by jury in the instant case on all issues of fact, including the amount of compensatory damages to be awarded.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.  20005
(202) 483-0300

Attorney for Plaintiff