UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ECF**

|                                        |     |                               |
|----------------------------------------|-----|-------------------------------|
| PAMELA D. ADAMS,                       | )   |                               |
|                                        | )   |                               |
| Plaintiff,                             | )   |                               |
|                                        | )   |                               |
| v.                                     | )   | Civil Action No. 04-0856 RBW  |
|                                        | )   |                               |
| MARY E. PETERS,                        | )   |                               |
| Secretary of Transportation,          | )   |                               |
|                                        | )   |                               |
| Defendant.                             | )   |                               |

## STIPULATION OF SETTLEMENT

Following a jury trial and verdict entered on June 29, 2007, the parties hereto, Pamela D. Adams ("plaintiff") and Mary E. Peters, in her official capacity as United States Secretary of Transportation ("defendant"), by and through their respective counsel of record, hereby stipulate and agree, subject to the approval of the Court, as follows:

1.      The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2.      The parties further agree that:

    a.      They both participated in drafting this Stipulation of Settlement; and

    b.      They enter this Stipulation of Settlement voluntarily, and no representations, inducements, coercion, or promises, excluding the statements contained herein, have been made as a condition of the execution of this Stipulation of Settlement.

3.      Defendant shall pay plaintiff the sum of Two Hundred and Sixty Thousand Dollars ($260,000) in compensatory damages. This amount shall be paid to plaintiff via an electronic funds transfer from the Treasury of the United States into the Swick & Shapiro Trust Account (the checking account number having been provided to defendant's attorney) maintained at United Bank (ABA Routing number having been provided to defendant's attorney), whose branch address is 1667 K Street, N.W., Washington, DC 20006. The request to the Treasury of the United States by defendant and her counsel of record for an electronic funds transfer as required hereunder shall be accomplished expeditiously.

4.      Defendant shall pay plaintiff the additional sum of Two Hundred Thousand Dollars ($200,000) in attorneys' fees and other, related costs. This amount shall be paid to plaintiff via an electronic funds transfer from the Treasury of the United States into the Swick & Shapiro Trust Account (same checking account number as referenced in ¶ 3 above) maintained at United Bank (same ABA Routing number as referenced in ¶ 3 above), whose branch address is also the same as referenced in ¶ 3 above. The request to the Treasury of the United States by defendant and her counsel of record for an electronic funds transfer as required hereunder shall be accomplished expeditiously.

5.      Defendant shall pay plaintiff the sum of Eight Thousand Dollars ($8,000) in gross back pay (for the period October 2002 through October 2003), from which gross amount plaintiff shall be responsible for the payment of taxes and other lawfully required deductions from pay if defendant does not make such lawful withholdings prior to providing plaintiff with back pay. In either event, defendant shall provide plaintiff with a full and specific accounting of what is to be paid or what has been withheld and the precise amount due or withheld. The payment of the $8,000 in gross back pay or of the amount net of lawful withholdings shall be made to plaintiff either in a U.S. Treasury check

made payable to the order of "Pamela Adams" and delivered to David H. Shapiro, her attorney at Swick & Shapiro, P.C., 1225 I Street, N.W., Suite 1290, Washington, DC 20005, or by an electronic funds transfer from the Treasury of the United States into the Swick & Shapiro Trust Account (same checking account number as referenced in ¶ 3 above) maintained at United Bank (same ABA Routing number as referenced in ¶ 3 above), whose branch address is also the same as referenced in ¶ 3 above. The request to the Treasury of the United States by defendant and her counsel of record for the issuance of a U.S. Treasury check or an electronic funds transfer as required hereunder shall be accomplished expeditiously.

6.      No amount shall be withheld or deducted by defendant from the sums payable to plaintiff in settlement, except to the extent that withholdings may be specified in an accounting in accord with paragraph 5 above. Plaintiff shall be responsible for the payment of any lawfully required taxes, if any, and any other lawfully required deductions, if any, except to the extent that withholdings may be specified in an accounting in accord with paragraph 5 above.

7.      The judgment on the jury verdict entered on June 9, 2007, shall be vacated. This settlement is expressly conditioned upon the Court's entering an order vacating that judgment.

8.      Defendant shall provide plaintiff with twelve (12) months of additional "good time" service credit for early retirement permitted Air Traffic Control Specialists under 5 C.F.R. Part 842 and pursuant to 5 U.S.C. § 2109 (1)(A) and 5 U.S.C. §8336(e) (as added by Public Law No. 92-297, 86 Stat. 141 (May 16, 1972)), for the period January 5, 2005 through January 7, 2006. This shall be accomplished by defendant converting plaintiff's reassignment to the Eastern Regional Office of the Federal Aviation Administration during that time period to a detail from her position as an Air Management Specialist at the Air Traffic Control System Command Center in Herdon, Virgina

-3-

(which is an Air Traffic Controller position). It is understood that plaintiff shall be responsible for the payment of any additional withholding for retirement contributions and/or for any other withholding required by law on account of this additional twelve (12) months of "good time" service credit.

9.      Defendant shall detail plaintiff from her position as an Air Management Specialist to the position of Central Altitude Reservation Function ("CARF") Specialist, each of which is located at the Air Traffic Control System Command Center, for the period of October 2002 through October 2003.

10.     Defendant shall correct the record of the Department of Transportation, Federal Aviation Administration, including plaintiff's Official Personnel File, to effectuate and record the terms contained in paragraphs 5, 7, and 8 of this Stipulation of Settlement.

11.     This Stipulation of Settlement shall represent full and complete satisfaction of: (1) all claims arising from the allegations set forth in the complaint filed in this civil action, including all claims of discrimination and retaliation that have been made, or that could have been made, in this civil action, and (2) all claims for costs and attorneys' fees that have been made, or that could have been made, in this civil action. In particular, this Stipulation of Settlement shall serve to resolve all claims for attorneys' fees and costs incurred in connection with the administrative Equal Employment Opportunity process, the District Court and Court of Appeals litigation and process and any other proceedings involving the claims raised in this civil action.

12.     By this Stipulation of Settlement, plaintiff waives, releases and abandons any and all claims, whether known or unknown, against the United States Department of Transportation and the Federal Aviation Administration, their officers, agents or employees, whether past or present, alleged, or

-4-

which could have been alleged, by her as a result of her employment with the United States Department of Transportation, Federal Aviation Administration, as of the execution of this Stipulation of Settlement including, but not limited to, claims brought in this civil action and any other claims regarding "good time" service credit.

13.     This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of either the United States Department of Transportation or the Federal Aviation Administration, their agents, servants, or employees, and is entered into by each party for various purposes, including compromising disputed claims and/or avoiding the expense and risk of further litigation.

14.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

15.     The parties agree that this Stipulation of Settlement will not be used as evidence of discrimination or retaliation in any pending or future civil or administrative action against the United States Department of Transportation, the Federal Aviation Administration, or any department, agency or instrumentality of the United States, *provided, however*, that it may be used as evidence (if consistent with the Federal Rules of Evidence) in any action (a) brought by either party to enforce the terms of this Stipulation of Settlement or (b) brought by plaintiff to prosecute a claim of retaliation not otherwise barred by paragraphs 7 and 8 of this Stipulation of Settlement.

16.     This civil action is dismissed with prejudice.

17.     The Court shall retain jurisdiction over claims for enforcement of the Settlement Agreement.

Respectfully submitted,


DAVID H. SHAPIRO
DC Bar #961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, NW
Suite 1290
Washington, D.C. 20005
(202) 842-0300

Counsel for Plaintiff


PAMELA D. ADAMS
Plaintiff


JEFFREY A. TAYLOR, DC Bar # 451058
United States Attorney


RUDOLPH CONTRERAS, DC Bar #434122
Assistant U.S. Attorney


CHARLOTTE A. ABEL, DC Bar #388582
Assistant U.S. Attorney
555 - 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

Counsel for Defendant


MICHAEL J. SAMMARTINO
Federal Aviation Administration
U.S. Department of Transportation


IT IS ORDERED that the judgment on the jury verdict entered on July 9, 2007, is vacated

and, except as provided in paragraph 16 of the Stipulation of Settlement, this civil action is

dismissed with prejudice.


April 3, 2008
Date


REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE


-6-